UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHESTER SIDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00870-JRS-TAB ) |
| CARLY SEARLES, | ) ) |
| Defendant. | ) ) |

**Order on Various Motions**

### I.   Introduction

This is a civil rights case removed from state court. *Pro se* plaintiff Sidwell alleges he lost his unborn child when a police station's full-body scanner caused his girlfriend to miscarry. Now before the Court are various motions: Sidwell's Motion to Appoint Counsel, (ECF No. 8); Sidwell's Motion for Jury Trial, (ECF No. 9); Searles' Motion for Screening of Complaint, (ECF No. 10); and Sidwell's Motion for Default Judgment, (ECF No. 11).

### II.   Discussion

#### A.   Procedural Matters

Sidwell gives his address as the Bartholomew County Jail, which makes him a prisoner within the meaning of the Prison Litigation Reform Act ("PLRA"). Because he seeks redress from a governmental employee, the Court must screen his complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint

states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints like Sidwell's are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 at 720.

Searles' Motion for Screening of Complaint, (ECF No. 10), which reminds the Court of its screening obligation under the PLRA, is **granted.**

Searles' Motion also requests an extension of time to answer Sidwell's Complaint. That is a sensible request—ordinarily, when the PLRA applies, this Court screens complaints before they are served, and so only complaints that pass screening need an answer. Now while that motion has been pending the usual deadline to answer has passed. Sidwell, vigilant in his cause, has thus filed a Motion for Default Judgment. (ECF No. 11). While the Court is impressed by his diligence, Sidwell should bear in mind that the courts are about real justice, not technical gotchas. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The time it has taken the Court to consider and decide these motions cannot fairly count against Searles, whose motion was made in good faith. The Motion for Default Judgment, (ECF No. 11), is therefore **denied.**

Sidwell requests that the Court appoint counsel to help him. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel.

*Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).  Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel.  *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).  As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case.  *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."). To appoint counsel, the Court in its discretion must find that the plaintiff has tried to obtain counsel and that the plaintiff needs the help counsel would provide.  *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).  Here, then, appointment of counsel is not appropriate: Sidwell has not shown that he has tried to obtain counsel, and Sidwell's filings to this point are lucid and sensible.  The Court finds him competent to litigate his own case at this stage in the proceedings.  Sidwell's Motion to Appoint Counsel, (ECF No. 8), is **denied.**

Finally, Sidwell has filed a Motion for Jury Trial.  (ECF No. 9).  Insofar as Sidwell intends this as a jury trial demand, it is well taken: disputes of fact are in the last resort decided by the jury.  But there are many procedural steps before trial, in which the parties get to learn about the underlying facts and test the applicable law. Sidwell may not avoid those steps and jump straight to trial.  To that extent, his Motion for Jury Trial, (ECF No. 9), is **denied.**

B. Screening

With procedural matters resolved, the Court turns to screening the Complaint. As explained above, the question is whether the Complaint describes a situation that, if true, amounts to a legal wrong.

Sidwell's Complaint is admirably "short and plain," Fed. R. Civ. P. 8(a)(2), indeed better in that regard than some trained counsel. But "Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). So it is possible for a clearly written complaint to describe facts that, however unfortunate, do not amount to a legal wrong. That is exactly what has happened here.

Sidwell claims that Searles, a correctional officer employed by the Bartholomew County Sheriffs Department, "put Amber Nicole David through the body scanner machine at the intake at the Bartholomew County Jail after being notified that she was pregnant with a child." (Complaint 2, ECF No. 1-2.) After Searles had done that, she "*then* was told by Captain Tyler Stillabower that she was not suppose[d] to put pregnant women through the body scanner[.]" (*Id.* (emphasis added).) And David miscarried the child—Sidwell's unborn child—two days later. (*Id.*) That is, according to Sidwell, Searles' "negligence"—in putting his pregnant girlfriend through a full-body scanner—caused him to lose his child. (*Id.*)

Needless to say, the loss of a child is a terrible thing. The courts have long recognized that parents have liberty interests in "the care, custody, and control of

4

their children" protected by the Due Process clause, *Troxel v. Granville*, 530 U.S. 57, 65 (2000), which interests include the physical well-being of the child, *Ingraham v. Wright*, 430 U.S. 651, 675 (1977). The Court is willing to assume *arguendo* that those interests comprehend parents' relationships to their unborn children, as well. So a state officer that wantonly harmed Sidwell's child would be answerable under 42 U.S.C. § 1983 for violating Sidwell's constitutional rights. Here, though, Sidwell makes it clear that Searles' behavior was "negligence," not intentional wrongdoing. Sidwell alleges that Searles had already put David through the scanner when she was told that it was regarded as dangerous.[1] It was, at most, a thoughtless mistake; it was not an intentional "deprivation" of Sidwell's rights—and "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Sidwell's Complaint also mentions the Eighth Amendment[2] and its protection against "medical deliberate indifference." (Complaint 2, ECF No. 1-2.) But Searles

---

[1] Though not dispositive to the Court's decision, as a factual matter, the scanner probably was not dangerous. Millimeter-wave scanners of the sort commonly encountered in airports and police stations are low-energy devices that do not use ionizing radiation and pose very low risks to human health. Even x-ray scanners are unlikely to cause problems. The CDC writes "[m]ost of the ways a pregnant woman may be exposed to radiation, such as from a diagnostic medical exam or an occupational exposure within regulatory limits, are not likely to cause health effects for a fetus." *See* Centers for Disease Control and Prevention, *Radiation and Pregnancy: A Fact Sheet for Clinicians,* https://www.cdc.gov/nceh/radiation/emergencies/prenatalphysician.htm; CDC, *Radiation from Airport Security Screening*, https://www.cdc.gov/nceh/radiation/airport_scan.htm.

[2] If Sidwell and David were at the jail as pretrial detainees, which seems likely, then the Fourteenth Amendment, not the Eighth Amendment, would apply, and the analysis would proceed as above. The Court gives the Eighth Amendment analysis for completeness' sake.

was not indifferent to *Sidwell's* medical needs; she was at worst indifferent to David's or to the child's. The "general rule [is] that a litigant must assert his own legal rights and cannot assert the legal rights of a third party." *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). But even if the Court were to allow Sidwell to assert a third party's rights here, the standard for an Eighth Amendment violation is "deliberate indifference," which requires "a showing that the official was subjectively aware of the risk." *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). As discussed above, Sidwell alleges that Searles did not know of the risk until after the scan was done, so she could not have had the subjective awareness that would make her conduct "deliberate."

With Sidwell's two constitutional arguments thus disposed of, there is nothing left for this Court in the complaint, even if the facts as alleged do give Sidwell a state-law claim against Searles. "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. . . . [T]his principle applies as well to state-law claims brought into federal court under pendent jurisdiction." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

### III. Conclusion

The Court **granted** Searles' Motion for Screening of Complaint, (ECF No. 10); **denied** Sidwell's Motion for Default Judgment, (ECF No. 11); **denied** Sidwell's Motion to Appoint Counsel, (ECF No. 8); and **denied** Sidwell's Motion for Jury Trial, (ECF No. 9).

The Court then screened Sidwell's Complaint, which, despite its formal merits, does not advance any claim cognizable in this Court. His federal constitutional rights were not violated in the facts as alleged, and this Court has no power to address any concurrent violations of state law. Sidwell's Complaint is therefore **dismissed with prejudice** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Sidwell has until August 18, 2023, within which to show cause why judgment dismissing this action for failure to state a claim upon which relief can be granted should not issue. The failure to do so within the time allowed will result in dismissal without further notice.

**SO ORDERED.**

Date: 08/14/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHESTER SIDWELL
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

Lisa A. Baron
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
lbaron@khkklaw.com

Rosemary L. Borek
Knight Hoppe Kurnik & Knight, LTD
rborek@khkklaw.com

7